IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SLICEX, INC.,<br><br>      Plaintiff,<br><br><br><br><br><br>      vs.<br><br><br>AEROFLEX COLORADO SPRINGS, INC.<br>f/k/a AEROFLEX UTMC<br>MICROELECTRONIC SYSTEMS, INC.,<br><br>      Defendant. | MEMORANDUM DECISION AND<br>ORDER GRANTING IN PART<br>DEFENDANT'S MOTION FOR<br>PARTIAL SUMMARY JUDGMENT<br>AND TAKING REMAINDER OF<br>MOTION UNDER ADVISEMENT<br><br><br><br><br>Case No. 2:04-CV-615 TS |

This matter came before the Court for oral argument on Defendant Aeroflex's Motion for

Partial Summary Judgment on June 14, 2006.  At the close of the hearing, the Court took

Defendant's Motion under advisement.  For the reasons set out fully below, the Court will grant

Defendant's Motion in part.  The Court will grant Defendant summary judgment on Plaintiff's

tortious interference claim.  Defendant's Motion with regard to Plaintiff's claim of breach of the

implied covenant of good faith and fair dealing, however, will remain under advisement until

trial.

## I.  ISSUES NOT BEFORE THE COURT

As a preliminary matter, the Court wishes to note which issues are not before the Court in this Motion.  First, Defendant's have not moved for summary judgment on Plaintiff's first cause of action—its breach of contract claim.[1]  Second, Plaintiff does not object to the dismissal of its fourth cause of action relating to unfair competition.[2]  Finally, Plaintiff's fifth cause of action was previously dismissed.[3]  Thus, only Plaintiff's second and third causes of action are at issue in the Motion pending before the Court.

## II.  FACTUAL BACKGROUND

The following facts are not in dispute.  Defendant Aeroflex hired Plaintiff SliceX, pursuant to three separate consulting agreements, to provide certain engineering services.  Each of the consulting agreements contained non-solicitation clauses, whereby Aeroflex agreed not to solicit or entice for employment any of the current employees of SliceX.  SliceX provided the requested engineering services under these agreements and Aeroflex paid for the services provided.  SliceX argues, however, that Aeroflex was often delinquent with its payment.

SliceX began to face financial problems and during certain periods in 2002, 2003, and 2004, employees at SliceX were paid fifty percent of their salary.  At other times, SliceX was unable to make payroll, employees were not paid for holiday or sick time, and/or were required to take unpaid time off.  In April 2004, Jackie Snyder left SliceX.  Approximately one month

---

[1]Docket No. 51, at ii.

[2]Docket No. 53, at 2.

[3]Docket No. 60.

later, Steve Levy ("Levy"), Dave Rosky ("Rosky"), and Tom Grundy ("Grundy") also left SliceX.

In November 2003, Aeroflex posted a job notice on Monster.com seeking an engineer to provide over-sampling analog-to-digital design services.  The job notice was re-posted in February 2004.  Levy responded to the February 2004 posting, as did a handful of others, some of whom were interviewed by Aeroflex.  In May 2004, Aeroflex offered Levy a job and in June 2004, Aeroflex retained Rosky and Grundy as independent contractors.  SliceX never replaced these individuals and indicated to Aeroflex that there were others who could handle their work.

In addition to the undisputed facts, there are a number of disputed facts.  Plaintiff alleges that Defendant engaged in a large conspiracy involving the acquisition of information concerning Plaintiff's employees under false pretenses in order to lure them away from SliceX.  SliceX also contends that Defendant attempted to financially starve them.  Defendant denies these allegations and asserts that Plaintiff's employees voluntarily left their employment and were then later hired by Defendant.

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[4]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[5]  The Court is

---

[4]Fed. R. Civ. P. 56(c).

[5]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

required to construe all facts and reasonable inferences in the light most favorable to the
nonmoving party.[6]

## IV.  ANALYSIS

### A.    TORTIOUS INTERFERENCE

In order for Plaintiff to prove its claim of tortious interference, it "must prove (1) that the
defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2)
for an improper purpose or by improper means, (3) causing injury to the plaintiff."[7]  Defendant
argues that Plaintiff cannot prove the second element, improper purpose or means.  Plaintiff
argues that Defendant used improper means.

"Improper means are present 'where the means used to interfere with a party's economic
relations are contrary to law, such as violations of statutes, regulations, or recognized common-
law rules.'  Improper means include 'violence, threats or other intimidation, deceit or
misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood.  Means
may also be improper or wrongful because they violate an established standard of a trade or
profession.'"[8]

Defendant argues that since the employment contracts between SliceX and its employees
were at-will, Plaintiff must meet a higher standard.  In particular, Defendant argues that Plaintiff
must show the wrongful means included physical violence, fraud, civil suit or criminal

---

[6]*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);  *Wright v.
Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

[7]*Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 304 (Utah 1982).

[8]*St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 201 (Utah 1991) (quoting
*Isom*, 657 P.3d at 308).

4

prosecution.[9]  Defendant argues that Plaintiff has failed to meet this higher standard of proof.
Plaintiff argues that no higher standard is required and that the standard set forth above is
applicable to this case.

No Utah court has addressed the issue of tortious interference with an at-will employment
contract.  The Court need not decide today whether the higher standard advocated by Defendant
is required, because Plaintiff has not shown that any improper means were directed at SliceX's
employees, as discussed below.  Thus, the Court will apply the standard suggested by Plaintiff.
That standard is consistent with Utah case law and with some of the cases cited by Defendant.[10]

While Plaintiff claims Defendant used deceit and misrepresentation, Plaintiff has failed to
show that Defendant used improper means to induce SliceX's employees to leave their
employment and work for Aeroflex.  While there is no case law directly on this point, the Court
finds *St. Benedict's Development Co.* instructive.  There, defendants announced the construction
of a professional building near plaintiff's existing building.[11]  Many of the tenants in plaintiff's
building chose not to renew their leases with plaintiff with the intent of moving to defendants'
building.[12]  Plaintiff argued that defendants' actions constituted tortious interference.[13]  The Utah

---

[9]*See Corry v. Analysts Int'l Corp.*, 2000 U.S. App. LEXIS 12284, *9 (10th Cir. 2000)
(citing *Electrolux Corp. v. Lawson*, 654 P.2d 340, 341–42 (Colo. 1982)); *Marks v. Struble*, 347
F.Supp. 2d 136, 144 (D. N.J. 2004); *West v. MCI Worldcom, Inc.*, 205 F.Supp. 2d 531, 545 (E.D.
Va. 2002); *Perk v. Vector Res. Group, Ltd.*, 485 S.E.2d 140, 143 (Va. 1997); Restatement
(Second) of Torts § 768 (1979).

[10]*See Marks v. Struble*, 347 F.Supp. 2d 136, 144 (D. N.J. 2004);  *West v. MCI Worldcom,
Inc.*, 205 F.Supp. 2d 531, 545 (E.D. Va. 2002).

[11]*St. Benedict's*, 811 P.2d at 200.

[12]*Id.*

[13]*Id.*

5

Supreme Court held that the plaintiff had failed to show improper means were used by *defendants* to solicit the *tenants* of plaintiff's building.[14]  While the court did not address the issue directly, the language suggests that the improper means used by the defendant must be directed at the third-party, not the plaintiff.

The Court finds support for this notion in other non-binding case law and the Restatement (Second) of Torts.  In *Marks v. Struble*, the District of New Jersey recognized that the improper means must occur in the course of inducing the breach of the at-will contract.[15]  *Marks* goes on to state that mere persuasion and an offer of better terms does not give rise to a claim of tortious interference with contract claim.[16]  The Restatement (Second) of Torts § 768, comment i states:

> If the third person is free to terminate his contractual relation with the plaintiff when he chooses, there is still a subsisting contract relation; but any interference with it that induces its termination is primarily an interference with the future relation between the parties, and the plaintiff has no legal assurance of them.  As for the future hopes he has no legal right but only an expectancy; and when the contract is terminated by the choice of the third person there is no breach of it.  The competitor is therefore free, for his own competitive advantage, to obtain the future benefits for himself by causing the termination.  Thus he may offer better contract terms, as by offering an employee of the plaintiff more money to work for him or by offering a seller higher prices for goods, and he may make use of persuasion or other suitable means, all without liability.[17]

Here, Plaintiff has made various allegations that Defendant has directed improper means towards them.  Plaintiff, however, has not produced any evidence to suggest that Defendant used any improper means to induce Levy, Rosky, and Grundy to terminate their at-will employment

---

[14]*Id*. at 201.

[15]347 F.Supp. 2d at 144.

[16]*Id*.

[17]Restatement (Second) of Torts § 768, cmt. i.

contracts with Plaintiff.  The alleged actions taken by Defendant against Plaintiff are simply too remote for the Court to find that they impacted the at-will employment contracts between Plaintiff and its employees, causing Levy, Rosky, and Grundy to leave SliceX.  The Court holds that Plaintiff is required to show that Defendant directed the improper means to the employees of SliceX—which then caused them to terminate their employment with SliceX—not merely SliceX itself.  The Court believes that such a rule is required by the nature of the employment-at-will contract.  As noted by the Restatement, the employer has no future expectancy in the continuation of the contract.  Plaintiff has failed to make this showing.  Therefore, the Court will grant Defendant's Motion for Partial Summary Judgment on this ground.

B.      BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's second cause of action alleges a breach of the covenant of good faith and fair dealing.  Utah law and the common law impose a covenant of good faith and fair dealing on parties to most contracts.[18]  "Under the covenant of good faith and fair dealing, each party promises not to intentionally or purposely do anything which will destroy or injure the other party's right to receive the fruits of a contract . . . ."[19]  "To comply with his obligations to perform a contract in good faith, a party's actions must be consistent with the agreed common purpose and the justified expectations of the other party."[20]  "The purpose, intentions, and

---

[18] *Rawson v. Conover*, 20 P.3d 876, 885 (Utah 2001).

[19] *Id*. (quotation marks and citations omitted).

[20] *St. Benedict's Dev. Co.*, 811 P.2d at 199.

expectations of the parties should be determined by considering the contract language and the course of dealings between and conduct of the parties."[21]

Under the terms of the contract, SliceX was to perform engineering services for Aeroflex and SliceX would receive payment for those services.  There is no dispute that the parties performed their duties under the central provisions of the contract, although SliceX does complain that Aeroflex often made untimely payments.  SliceX argues, however, that Defendant's activities deprived them of the fruits of the contract in that Defendant decided to set up its own competing business and then solicited away Plaintiff's employees to work for such competing business, thus making them unable to perform and receive their benefits under the contract.

The Court will continue to take this portion of Defendant's Motion for Summary Judgment under advisement.  The Court will reserve ruling on this issue until trial.

V.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Partial Summary Judgment (Docket No. 50) is GRANTED IN PART.  The Court will grant Defendant summary judgment on Plaintiff's tortious interference claim.  It is further

ORDERED that Defendant's Motion for Partial Summary Judgment (Docket No. 50) with regard to Plaintiff's claim of breach of the implied covenant of good faith and fair dealing will remain under advisement.

---

[21]*Id.*

DATED   June 15, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge