IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SLICEX, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>AEROFLEX COLORADO SPRINGS, INC. f/k/a AEROFLEX UTMC MICROELECTRONIC SYSTEMS, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE EXPERT REPORT AND OPINIONS OF ROBERT A. WAGNER<br><br><br><br>Case No. 2:04-CV-615 TS |

This matter came before the Court for a final pretrial conference on July 10, 2006. At that hearing, the Court denied Plaintiff's Motion in Limine to Exclude the Expert Report and Opinions of Robert A. Wagner and indicated that a written order would follow. The Court ruled that it would not exclude the expert report and opinions of Wagner, but that it would not allow Wagner to testify as to the ultimate issue of whether Plaintiff has proven that it has suffered damages in this case. Such a conclusion is solely within the province of the fact finder and Wagner's report and opinions on that issue would not be helpful.

I.  BACKGROUND

Plaintiff's Motion in Limine seeks to exclude the expert report and opinions of Wagner pursuant to Fed.R.Evid. 702.  Defendant opposes the Motion arguing that Wagner is a rebuttal expert who will be called to rebut the methodology and assumptions contained in Plaintiff's expert report from Richard Hoffman.  For the reasons discussed below, the Court will deny Plaintiff's Motion in Limine, but will limit the evidence presented by Wagner.  Wagner will not be allowed to testify as to whether he believes Plaintiff has proven damages because such a determination is within the province of the fact finder and his opinion to that effect will not be helpful to the fact finder.

II.  DISCUSSION

A.   EXPERT WITNESSES

Fed.R.Evid. 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals Inc.*[1] and *Kumho Tire Co., Ltd. v. Carmichael*,[2] the Supreme Court interpreted the requirements of Rule 702.  "*Daubert* requires a trial judge to 'ensure that any and all scientific testimony or evidence admitted is not only

---

[1] 509 U.S. 579 (1993).

[2] 526 U.S. 137 (1999).

relevant, but reliable.'"[3]  "In applying Rule 702, the trial court has the responsibility of acting as a gatekeeper."[4]  "Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue."[5]

"The Supreme Court has provided some guidance for the task of determining scientific validity."[6]  "This inquiry is 'a flexible one,' not governed by a 'definitive checklist or test.'"[7]  Some factors to consider are whether the expert's theory or technique: (1) can be (and has been) tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error with standards controlling the technique's operation; and (4) enjoys widespread acceptance in the relevant scientific community.[8]

"Rule 702's second prong concerns relevancy, or 'fit.'"[9]  "The trial court 'must ensure that the proposed expert testimony is 'relevant to the task at hand,' . . . *i.e.*, that it logically

---

[3] *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1163 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 589).

[4] *In re Breast Implant Litigation*, 11 F.Supp. 2d 1217, 1222 (D. Colo. 1998).

[5] *Daubert*, 509 U.S. at 592.

[6] *In re Breast Implant Litigation*, 11 F.Supp. 2d at 1223.

[7] *Atlantic Richfield*, 226 F.3d 1163 (citing *Daubert*, 509 U.S. at 593).

[8] *Id*.

[9] *In re Breast Implant Litigation*, 11 F.Supp. 2d at 1223.

advances a material aspect of the proposing party's case.'"[10] Because of the dangers of the potential misuse of scientific evidence, "federal judges must exclude proffered scientific evidence under Rule 702 unless they are convinced that it speaks clearly and directly to an issue in dispute in the case, and that it will not mislead the jury."[11]

"*Kumho Tire* establishes that the 'gatekeeping' requirement set forth in *Daubert* 'applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge.'"[12]  "The object of that requirement 'is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'"[13]

> The trial court must also look to Fed.R.Evid. 703 in determining the admissibility of expert testimony. Rule 703 also contemplates that the court will play a role in the assessment of expert testimony offered to a jury. Rule 703 provides that expert opinions based on otherwise inadmissible evidence are to be admitted only if the facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." An expert's otherwise relevant opinion is only admissible under Rule 703 where the underlying data have sufficient probative force and reliability that a reasonable expert could base an opinion on them.[14]

---

[10]*Id*. (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995)).

[11]*Id*.

[12]*Atlantic Richfield*, 226 F.3d 1163 (quoting *Kumho Tire*, 526 U.S. at 141) (citation omitted).

[13]*Id*. (quoting *Kumho Tire*, 526 U.S. at 152).

[14]*In re Breast Implant Litigation*, 11 F.Supp. 2d at 1223.

Rule 704 provides that, generally, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."[15]  "The Federal Rules, however, do not allow the admission of all such opinion evidence.  The Rules do not, for example, allow an expert to offer testimony that merely tells the jury what result they should reach . . . ."[16]  "Expert testimony of this type is often excluded on the grounds that it states a legal conclusion, usurps the function of the jury in deciding the facts, or interferes with the function of the judge in instructing the jury on the law."[17]  "When an expert merely states an opinion on an ultimate issue without adequately exploring the criteria upon which the opinion is based, the jury is provided with no independent means by which it can reach its own conclusion or give proper weight to the expert testimony."[18]  Such expert testimony does not assist the fact finder in understanding the evidence or determine a fact in issue.

B.     REBUTTAL EXPERT WITNESSES

There is no direct Tenth Circuit case law on the issue of rebuttal expert witnesses presented by Plaintiff's Motion in Limine, but other courts have dealt with the issue.  In *Pioneer Hi-Bred International, Inc. v. Ottawa Plant Food, Inc.*,[19] defendant sought to exclude the testimony of plaintiff's rebuttal expert.[20]  There, the court held that the rebuttal expert could not

---

[15] Fed.R.Evid. 704(a).

[16] *United States v. Simpson*, 7 F.3d 186, 188 (10th Cir. 1993).

[17] *Id*.

[18] *Id*. at 188–89.

[19] 219 F.R.D. 135 (N.D. Iowa 2003).

[20] *Id*. at 142.

testify as to the sufficiency of the evidence of infringement or willful infringement.[21]  The court there found that such evidence was either irrelevant or invaded the province of the jury.[22]  The court held so despite Fed.R.Evid. 704.[23]  The Court found that expert testimony concerning sufficiency of the evidence and willful infringement were not matters on which expert testimony would assist the trier of fact.[24]  Further, the court noted that willful infringement is a matter for jury determination.[25]  For these reasons, the court excluded the testimony of the rebuttal witness concerning the sufficiency of the evidence and willful infringement.[26]

In *KW Plastics v. United States Can Co.*,[27] the court addressed the issue of a rebuttal expert, but did not address the ultimate issue question.  At issue in *KW Plastics* was whether U.S. Can suffered damages arising from KW's possible violation of a non-compete agreement.[28]  Defendant intended to call a damages expert and plaintiff intended to call a rebuttal expert.[29]  The rebuttal expert was going to challenge the methodology and assumptions used by defendant's

---

[21]*Id*.

[22]*Id*.

[23]*Id*.

[24]*Id*. at 142–43.

[25]*Id*. at 143.

[26]*Id*.

[27]199 F.R.D. 687 (M.D. Ala. 2000).

[28]*Id*. at 691.

[29]*Id*.

damages expert.[30] The court held that the rebuttal expert's testimony was admissible to inform the jury of the criticisms of the damages expert's report.[31]

In *1st Source Bank v. First Resource Federal Credit Union*,[32] defendant's rebuttal witness intended to testify that the methodology used by plaintiff to calculate damages was defective and unsupported by the record.[33] There, the court held that the rebuttal witness could criticize plaintiff's damages theories and calculations, and could do so without offering alternatives.[34]

C.   ANALYSIS

Plaintiff's primary concern with the report and opinion of Wagner is not that he is unqualified to give an opinion, but, rather, that his opinion is not helpful to the finder of fact.[35] Under the standard set forth above, the Court finds that Wagner has specialized knowledge and that he may be allowed to testify as a rebuttal expert witness in order to rebut the methodology and the assumptions used by Plaintiff's expert. Wagner will not be allowed to testify, however, as to whether he believes that Plaintiff has proven damages in this case.

The determination of whether Plaintiff has proven damages is something that is within the sole province of the fact finder.[36] The Court's gatekeeping role, set out in *Daubert*, requires

---

[30]*Id*.

[31]*Id*.

[32]167 F.R.D. 61 (N.D. Ind. 1996).

[33]*Id*. at 65.

[34]*Id*.

[35]It should be noted that this is a bench trial and that the Court is the finder of fact.

[36]*See e.g. Murphy Oil USA, Inc. v. Wood*, 438 F.3d 1008, 1021 (10th Cir. 2006) (stating "the awarding of damages is traditionally within the province of the jury").

the Court to exclude expert testimony which will not assist the fact finder.  The Court finds that testimony on the issue of whether Plaintiff has proven damages would not be helpful to the fact finder.  Such testimony would essentially tell the fact finder the conclusion it should reach.  Under Tenth Circuit case law, such an approach is not allowed.[37]  This finding is consistent with the cases cited above which address rebuttal experts.  When read together, these cases stand for the proposition that a rebuttal witness may be called to challenge the other party's expert witness.[38]  However, that testimony can be limited and the Court may prevent a rebuttal expert from providing irrelevant evidence or invading the province of the fact finder.[39]  Therefore, the Court will deny Plaintiff's Motion in Limine, but will limit Wagner's testimony.  Wagner may not present evidence concerning whether Plaintiff has proven damages in this case.

### III.  CONCLUSION

It is therefore

ORDERED the Plaintiff's Motion in Limine to Exclude the Expert Report and Opinions of Robert A. Wagner (Docket No. 57) is DENIED.

DATED   July 11, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[37] *Simpson*, 7 F.3d at 188.

[38] *KW Plastics*, 199 F.R.D. at 691; *1st Source Bank*, 167 F.R.D. at 65.

[39] *Pioneer Hi-Bred International*, 219 F.R.D. at 142.