IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SLICEX, INC.,<br><br>     Plaintiff,<br><br><br><br><br><br>       vs.<br><br><br>AEROFLEX COLORADO SPRINGS, INC.<br>f/k/a AEROFLEX UTMC<br>MICROELECTRONIC SYSTEMS, INC.,<br><br>     Defendant. | MEMORANDUM DECISION AND<br>ORDER DENYING DEFENDANT'S<br>MOTION IN LIMINE TO EXCLUDE<br>THE REPORT AND TESTIMONY OF<br>RICHARD S. HOFFMAN<br><br><br><br><br><br>Case No. 2:04-CV-615 TS |

Defendant has filed a Motion in Limine which seeks to exclude the report and testimony of Plaintiff's damages expert Richard S. Hoffman. Defendant argues that the report and testimony are unreliable and should be excluded under Rule 702. For the reasons discussed below, the Court will deny Defendant's Motion.

I.  INTRODUCTION

Defendant seeks to exclude the report and testimony of Plaintiff's damages expert Hoffman. Defendant alleges that Hoffman's report and testimony are based on faulty

assumptions which are not supported by the evidence.  Specifically, Defendant attacks the following assumptions which it argues Hoffman relies upon: (1) that Levy, Rosky, and Grundy were irreplaceable; (2) that SliceX had sufficient work to keep these three employees fully employed; and (3) that neither Levy, Rosky, nor Grundy would have terminated their employment for three years.

Plaintiff disputes Defendant's argument and states that Defendant has misstated two of the three assumptions that it has attributed to Hoffman.  Plaintiff argues that Hoffman did not state that Levy, Rosky, and Grundy were irreplaceable.  Hoffman states that he specifically did not assume that the three employees were irreplaceable.[1]  Nor did he, according to Plaintiff, assume that Levy, Rosky, and Grundy would have remained with SliceX.  Rather, Hoffman states that his calculations are not dependent on the people being Levy, Rosky, and Grundy, but are rather based on the assumption that SliceX would have three people working on Aeroflex work.[2]  Hoffman admits that he did assume there would be sufficient work for these employees[3] and SliceX argues that there is sufficient evidence in the record to support this assumption.

## II.  DISCUSSION

Fed.R.Evid. 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon

---

[1]Docket No. 90, ¶ 5.

[2]*Id*. at ¶¶ 8–9.

[3]*Id*. at ¶ 10.

sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, . . . the district court must make a pretrial evaluation on the admissibility of scientific expert opinions. An expert opinion must be based on facts that enable the expert 'to express a reasonably accurate conclusion as opposed to conjecture or speculation [but] absolute certainty is not required.'"[4] The Tenth Circuit has stated that when an expert's opinion has some basis in fact, a fact finder can determine whether the testimony is helpful.[5] The Tenth Circuit has emphasized that "'[t]he burden is on opposing counsel through cross-examination to explore and expose any weakness in the underpinnings of the expert's opinion.'"[6]

The Court finds that the arguments raised by Defendant in its Motion in Limine go more to the weight to be given to Hoffman's report and testimony, rather than its admissibility. Defendant has the obligation to address those portions of Hoffman's report and testimony which it deems to be faulty during cross-examination. Moreover, Defendant has retained its own expert specifically for the purpose of rebutting Hoffman's report and testimony. Thus, the Court will deny Defendant's Motion in Limine to Exclude the Report and Testimony of Richard S. Hoffman.

---

[4]*Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1499 (10th Cir. 1996) (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1998) (citations omitted)).

[5]*Robinson v. Missouri Pac. R.R. Co.*, 16 F.3d 1-83, 1089–90 (10th Cir. 1994).

[6]*Id*. at 1090 (quoting *Int'l Adhesive Coating Co. v. Bolton Emerson Int'l Inc.*, 851 F.3d 540, 544 (1st Cir. 1988)).

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude the Report and Testimony of

Richard S. Hoffman (Docket No. 75) is DENIED.

DATED   July 14, 2006.

BY THE COURT:

_____

TED STEWART
United States District Judge